UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSICA CASTRO,

       Plaintiff,

v.                                                                  Case No: 6:18-cv-409-Orl-28TBS

SOUTHERN TECHNICAL HOLDINGS,
LLC and SOUTHERN TECHNICAL
INSTITUTE, LLC,

       Defendants.

_____

## REPORT AND RECOMMENDATION

      Pending before the Court is Defendants' Motion to Compel Arbitration and to Stay

Discovery and Rule 26 requirements (Doc 21). Plaintiff has not filed a response to the

motion and the time within to do so has expired. When a party fails to respond, that is an

indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-

Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am.,

N.A., 564 F. App'x 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cty., Ga., 306

F.Supp.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-

564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did

not respond court could consider motion to compel unopposed); Brown v. Platinum

Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333803, at *1 (M.D. Fla.

Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as

unopposed). As Plaintiff has raised no objection to the facts presented in the motion or

_____

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

the relief sought, and the motion is otherwise meritorious, it is **respectfully recommended** that the motion be **GRANTED.**

## Background

Originally filed in the Southern District of Florida and transferred here, this is an action for claimed civil rights violations. Plaintiff alleges that Defendants Southern Technical Holdings, LLC, and Southern Technical Institute, LLC collectively operate a for-profit educational institution known as "Southern Technical College." (Doc. 1, ¶¶47, 50). Plaintiff was hired by Defendants in October 2015 and worked for them until her termination on February 11, 2016 (Doc. 1, ¶¶ 25, 35). She claims that Defendants terminated her employment because of her pregnancy, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101*, et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act of 1978; and the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*

The instant motion seeks to compel arbitration pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, and to stay discovery and compliance with FED. R. CIV. P. 26 requirements. The motion incorporates the Affidavit of Dr. Lori Moran, with attached exhibits (Doc. 5 at 13-20). According to Dr. Moran, when Plaintiff was hired, the College leased its employees from Strategic Outsourcing, Inc. ("SOI"), which administered the College's payroll and benefits packages (Doc. 5, p. 14, ¶ 4). Individuals hired to work for the College were required to complete SOI New Employee forms and to enter into an Agreement to Arbitrate disputes arising out of or relating to their employment or termination of employment. (Id.). Plaintiff completed an SOI employment application on or about September 17, 2015, to work for the College at its Orlando campus (Doc. 5, p. 2, ¶ 5, and p. 17). Just above Plaintiff's signature, the application states:

> I understand that, as a condition of employment I may be
> required to sign … an arbitration agreement and I hereby agree
> to arbitrate all disputes regarding my application for
> employment and any employment related matters rather than
> resolving them in court or other forum.

(Doc. 5, p. 2, ¶ 5, and p. 17). Plaintiff also signed an Agreement to Arbitrate (Doc. 5, p.

18). The Agreement to Arbitrate is included in an "ASSIGNED EMPLOYEE NOTICE &

ACKNOWLEDGMENTS" form, signed by Plaintiff, which states:

> The organization for which you perform services (Company)
> has contracted for SOI to provide services under which you
> will be paid through SOI for work you perform for and under
> the direction of Company ….
>
> . . . .
>
> I and SOI agree that: Any dispute involving SOI [or] Company
> … arising from or relating to my employment, application for
> employment, or termination from employment will be resolved
> exclusively through binding arbitration before a neutral
> arbitrator. … In addition, I AND SOI MUTUALLY WAIVE ANY
> RIGHT TO A JURY TRIAL. … . My agreements to arbitrate,
> waive jury trials and participate only in my individual capacity
> are agreements under the Federal Arbitration Act and any
> other laws validating such agreements and waivers.

(Doc. 5, p. 14, ¶ 6, and p. 18).

### Discussion

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, is the substantive law

controlling the validity and enforcement of arbitration agreements. Caley v. Gulfstream

Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005) (noting that the FAA "generally

applies to contracts of employment.") It preempts state law to the extent state law treats

agreements to arbitrate differently than other contracts. Id. The FAA "embodies the

national policy favoring arbitration and places arbitration agreements on equal footing

with all other contracts." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443

(2006). Under the FAA, agreements to arbitrate are "valid, irrevocable, and enforceable,

save upon such grounds as exist at law or in equity for the revocation of the contract." 9

U.S.C. § 2.

Whether the parties entered into an agreement to arbitrate is ordinarily an issue for

judicial determination. Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 288

(2010). In deciding whether the parties agreed to arbitration, the Court applies state law

governing the formation of contracts, while at the same time considering the federal policy

favoring arbitration. Caley, 428 F.3d at 1367-68. When deciding a motion to compel

arbitration, courts consider three factors: "(1) whether a valid written agreement to

arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to

arbitration has been waived." Zahm v. OneWest Bank, N.A., No. 8:15-cv-765-T-30TBM,

2015 WL 2095644, at *1 (M.D. Fla. May 5, 2015) (citing Cuningham Hamilton Quiter,

P.A., 776 So.2d 940, 942 (Fla. 3d DCA 2000)); see also Dukes v. Sai Fort Myers B, LLC,

No. 2:14-CV-287-FTM-38, 2015 WL 3650804, at *2 (M.D. Fla. June 11, 2015). "'All

questions concerning scope or waiver of the right to arbitrate under contracts should be

resolved in favor of arbitration rather than against it.'" Senti v. Sanger Works Factory, Inc.,

No. 6:06-cv-1903-Orl-22DAB, 2007 WL 1174076, at *5 (M.D. Fla. April 18, 2007) (quoting

Zager Plumbing, Inc. v. JPI Nat. Const., Inc., 785 So. 2d 660, 662 (Fla. 3d DCA 2001)).

Because Plaintiff has not disputed the making, content, validity, or enforceability of

the agreements submitted by Defendants, I recommend the Court find that the parties did

enter into a valid arbitration agreement which requires arbitration of "[a]ny dispute …

arising from or relating to my employment, application for employment, or termination

from employment." Similar language has been held to encompass employment

discrimination claims. See McAdoo v. New Line Transport, LLC, 2017 WL 942114 (M.D.

Fla. 2017) (compelling arbitration of harassment, discrimination and retaliation claims

under 42 U.S.C. § 1981 based on provision requiring arbitration of "[a]ny dispute arising out of or relating to" employment with defendant); Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1221 (11th Cir. 2000) ("This circuit has held that statutory claims, including Title VII claims, can be subject to mandatory arbitration."); Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698, 700 (11th Cir.1992) (finding that Title VII claims were arbitrable). Thus, an arbitrable issue exists. On the final factor, Plaintiff presents no argument that Defendants have waived the right to arbitrate this dispute. As a court in the Southern District has noted:

> Faced with a facially valid arbitration agreement, the burden is on the party opposing arbitration to demonstrate that the agreement is invalid or the issue otherwise non-arbitrable. Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 92, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) ("[T]he party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue."); In re Managed Care Litig., 2009 WL 856321, at *3 (S.D.Fla. Mar.30, 2009) ("It is the burden of the party challenging a facially valid arbitration agreement to demonstrate that the agreement is in fact unconscionable.")
>
> "By its terms, the [FAA] leaves no room for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) (emphasis in original). Thus, if the aforementioned criteria are met, the Court is required to issue an order compelling arbitration. John B. Goodman Ltd. P'ship v. THF Const., Inc., 321 F.3d 1094, 1095 (11th Cir.2003) ("Under the FAA, 9 U.S.C. § 1 et seq., a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute."); Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs., 553 F.3d 1351, 1366 (11th Cir.2008) ("The role of the courts is to rigorously enforce agreements to arbitrate.") (citation omitted).

Curbelo v. Autonation Ben. Co., No. 14-CIV-62736, 2015 WL 667655, at *2 (S.D. Fla.

Feb. 17, 2015). In the absence of any showing by Plaintiff, I recommend the Court find that the parties entered into a valid, enforceable arbitration agreement which covers this dispute.

## Recommendation

I **respectfully recommend** that the motion be **GRANTED**; the case be referred to arbitration, consistent with the written agreement, and the action be stayed and administratively closed, pending conclusion of the arbitration. The parties should also be required to file a report with the Court at least once every 90 days advising of the status of the arbitration proceeding.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 13, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

> Presiding United States District Judge
> Counsel of Record
> Any Unrepresented Parties